IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FERNANDO CASTRO PEREZ,              :

    Petitioner,                     :
                                  CIVIL ACTION 12-0582-KD-M
v.                                  :
                                  CRIMINAL ACTION 10-00147-KD-M
UNITED STATES OF AMERICA,           :

    Respondent.                     :


REPORT AND RECOMMENDATION


Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 36) and Respondent's Motion to Dismiss (Doc. 39).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 39) be granted, Petitioner's Motion to Vacate (Doc. 36) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Fernando Castro Perez.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as

1

he is not entitled to appeal *in forma pauperis*.

Perez was indicted on June 24, 2010 for possession with the intention of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) (Doc. 1).  On September 17, 2010, Perez entered into a plea agreement in which he admitted being guilty to the charge against him (Doc. 22).  On September 24, 2010, Judge DuBose accepted that plea (Doc. 23).  On January 21, 2011, Judge DuBose sentenced Petitioner to 87 months, as well as four years of supervised release following his release from prison, and an assessment of one hundred dollars; the judgment was entered onto the Court's docket on February 3, 2011 (Doc. 33).  Petitioner did not appeal his conviction or sentence (*see* Doc. 36, p. 2).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on August 29, 2012 in which he raised the single claim that he was not made aware that he might be available for Fast Track Immigration Relief (Doc. 36).  Respondent filed a Motion to Dismiss (Doc. 39) to which Perez has filed a response (Doc. 41).

The Court notes that Respondent has answered the petition, arguing that this action should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 39). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which

amended, in pertinent part, 28 U.S.C. § 2255.  The specific

provisions state as follows:

> A prisoner in custody under sentence of a
> court established by Act of Congress
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States, or that the court was without
> jurisdiction to impose such sentence, or
> that the sentence was in excess of the
> maximum authorized by law, or is otherwise
> subject to collateral attack, may move the
> court which imposed the sentence to vacate,
> set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to
> a motion under this section.  The limitation
> period shall run from the latest of--
>
> > (1) the date on which the judgment of
> > conviction becomes final;

28 U.S.C. § 2255(f).

The Court notes Perez's conviction became final on February

17, 2011, fourteen days after Judgment was entered onto the

Court's docket.  F.R.App.P. 4(b)(1)(A)(i) ("In a criminal case,

a defendant's notice of appeal must be filed in the district

court within 14 days after [] the entry of either the judgment

or the order being appealed").  That means that the AEDPA

limitations clock began to run the next day, February 18, 2011

and that Perez had until February 17, 2012 to file this action.

It was not filed until August 29, 2012, six months too late.

Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Perez has not demonstrated any extraordinary circumstances; he has certainly not been diligent in the filing of this action as it comes more than six months too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute (Doc. 41).

Perez has raised a single claim in this petition.  However, the Court has not addressed the merit of that claim as this action is time-barred under AEDPA.  Therefore, it is recommended that Respondent's Motion to Dismiss be granted (Doc. 39), that the petition be denied (Doc. 36), that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Fernando Castro Perez.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Perez has not filed this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## <u>CONCLUSION</u>

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied as time-barred.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de</u> <u>novo</u> and a different disposition

6

made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.**Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

DONE this 22nd day of October, 2012.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE